IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BARBARA F. STUBBS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-405 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff Barbara A. Stubbs's action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), requesting judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act. Both parties have filed motions for summary judgment. After considering the parties' motions and the record in this case, the Court submits its Report and Recommendation to the District Court.

Background

Plaintiff filed her application for disability insurance benefits on August 29, 2000, alleging an inability to work since March 23, 2000, due to depression and pain in her neck, back and hips. Plaintiff's depression began in the years after a marriage in 1981 and the murder of her mother two years later. Tr. at 195. Throughout the 1980's, she was treated at various times for depression by medication and by means of a brief, but unfruitful, stay in a stress clinic. She was eventually able to attend college and earned both an undergraduate and Master's degree in criminal justice. Tr. at 196.

She then began working in the prison system in Texas, where she held jobs ranging from an

1

assistant to a police chief to psychotherapist and drug counselor. Tr. at 137. In June, 1997, Petitioner began seeing Dr. Dorothy Merritt, M.D. for pain. Tr. at 248. She saw Dr. Merritt 24 times over the next few years and underwent numerous tests for lower back and hip pain. An August 14, 1998, x-ray indicated ostepohytes in the lateral margin of acetabulae. Tr. at 241. However, x-rays of bilateral hips and the cervical and lumbar spine in 1999 were normal. Plaintiff began seeing psychiatrist Dr. Grace Jameson, M.D. for depression in March, 2000. Tr. at 198.

Although physical therapy was recommended, Plaintiff attempted to control her pain and depression primarily through medication. At the time of the hearing, she was taking significant amounts of antidepressant and pain medication, often in quite high doses. These included Remeron and Prozac for depression; Buspar and Xanax for anxiety; Trazadone for sleep; Vicodin, Kadian, Ophenadrine, and Lidocaine for pain; and Phenergan for nausea. She also took prescription medication for allergies and hormones. Tr. at 36-38.

After holding an evidentiary hearing at which testimony was given by a vocational expert, internist Dr. John Huang, M.D., and psychologist Dr. Robert Harper, Ph.D., the Administrative Law Judge ("ALJ") decided on June 28, 2002, that Plaintiff was not disabled and made the following findings:

> 1. The claimant met the special earnings requirements of the Social Security Act on March 13, 2000, the date she stated she became disabled, and continued to meet them through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful work since the alleged onset date of disability.
>
> 3. The claimant has a ligamentous laxity and lumbar myofascial pain syndrome and a depressive disorder, but these impairments do not meet or equal in severity the requirements of any of the medical listings in Appendix 1, Subpart P, Regulations No. 4.
>
> 4. The claimant's testimony was not fully credible or consistent with the record considered as a whole.

>    5. The claimant has the residual functional capacity to lift 10 pounds frequently and 20 pounds occasionally, sit 6 hours of an 8 hour workday, and be on her feet 2 hours of a workday. She has a good ability (ability to function in this area is limited but satisfactory) to follow work rules, relate to coworkers, interact with supervisors, deal with the public, deal with ordinary work stress, use judgment, function independently, maintain attention and concentration, understand, remember and carry out simple job instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. She has a fair ability (ability to function in this area is seriously limited but not precluded) to understand, remember and carry [out] complex, detailed, and unlearned job instructions in a new setting.
>
>    6. The claimant's residual functional capacity is consistent with the demands of her past relevant work as an instructor, case manager, social worker, program administrator, store manager, paralegal, and assistant to a psychologist and to a police chief.
>
>    7. The claimant has the residual functional capacity to perform her past relevant work as an instructor, case manager, social worker, program administrator, store manager, paralegal, and assistant to a psychologist and to a police chief.
>
>    8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

Tr. at 17-18. After her application was denied, the Appeals Council affirmed the ALJ's decision, which became the final decision of the Commissioner.

## Discussion

A federal court reviews the Commissioner's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence. Brown v. Apfel, 192 F.3d 172, 173 (5th Cir. 1999). A court may not reweigh the evidence or try the issues de novo. Johnson v. Bowen, 864 F.2d 340, 343-344 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, not the Court, to resolve. Brown, 192 F.3d at 496.

Substantial evidence is defined as being more than a scintilla and less than a preponderance and of such relevance that a reasonable mind would accept it as adequate to support a conclusion.  Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).  If the Commissioner's findings are adjudged to be supported by substantial evidence, then such findings are conclusive and must be affirmed.  Id.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  Johnson, 864 F.2d at 343-344.

A claimant is disabled within the meaning of the Social Security Act if she has a medically determinable physical or mental impairment lasting at least 12 months that prevents her from engaging in substantial gainful activity.  42 U.S.C. § 423(d)(1)(A).  To determine whether an individual is disabled, the Commissioner utilizes the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(b)-(f).  If the Commissioner decides at any step along the way that an individual is not disabled, the evaluation process comes to a halt at that particular step and proceeding further becomes unnecessary.  Barajas v. Heckler, 738 F.2d 641, 643 (5th Cir. 1984).  Additionally, only if the final step in the process is reached does the fact-finder consider the claimant's age, education, and work experience in light of her residual functional capacity.  See Rivers v. Schweiker, 684 F.2d 1144, 1152-1153 (5th Cir. 1982).

According to Plaintiff, the ALJ erred by:  (1) failing to properly evaluate opinions of Dr. Merritt and Dr. Edward Wheeler, M.D.; (2) failing to consider favorable evidence submitted from Dr. Margaret Meyer concerning Plaintiff's limitations; (3) failing to elicit proper testimony from the vocational expert; and (4) failing to elicit additional evidence from Drs. Wheeler and Jameson.

4

*Issue One*

Plaintiff alleges the ALJ failed to analyze the medical opinions of Drs. Merritt and Wheeler, the treating physicians. Ordinarily, the opinions of treating physicians are given considerable weight in determining disability. This is especially true when the treatment period has been over a considerable period of time. *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981). However, less weight can be given if good cause is shown. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). Good cause includes conclusory statements from the treating physician, opinions otherwise unsupported by the evidence, or conclusions unsupported by medically accepted clinical techniques. *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

Plaintiff complains that the ALJ ignored a January 26, 2001 report by Dr. Wheeler that states Petitioner had been totally disabled since November 12, 2000. Tr. at 281. Such an assertion is a legal conclusion reserved to the Commissioner. Statements by treating physicians that a claimant is unable to work or is disabled have no special significance and are not entitled to any weight. 20 C.F.R. § 404.1527(e)(1). Any complaint Plaintiff has that the ALJ failed to consider all the factors laid out in *Newton* for the first comment is therefore misdirected. It is well established that *Newton* does not apply in this circumstance. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

In another document, however, Dr. Wheeler reached the conclusion that Plaintiff was incapable of sedentary work and that she could not stay in one position more than twenty minutes at a time and could not lift, bend, or carry. Tr. at 320. Dr. Merritt also stated that Plaintiff could not perform sedentary work. Tr. at 204. Sedentary work involves lifting no more than ten pounds at a time and generally requires standing or walking up to two hours a day. 20 C.F.R. § 416.967(a). Unlike the conclusion that Plaintiff is "disabled," a treating physician's assessment of residual functional capacity is a medical opinion entitled to consideration. *Smallwood v. Chater*, 65 F.3d 87,

5

88 (8th Cir. 1995); *Bridges v. Callahan*, 20 F. Supp.2d 520, 527 (E.D.N.Y. 1998). An ALJ can decide not to give controlling weight to a treating physician's opinion only if she considers: (1) the physician's length of treatment; (2) the frequency of examinations; (3) the nature and extent of the treatment relationship; (4) the support found in the medical evidence on record; (5) the consistency of the opinion with the record as a whole; and (6) the physician's specialization. *Newton*, 209 F.3d at 456; 20 C.F.R. § 404.1527(d)(2).

In this case, the ALJ failed to address any but the fourth factor. Tr. at 13. The Commissioner argues that *Newton* applies only where an ALJ summarily rejects a treating physician's opinion based on testimony of a non-examining physician. However, the Commissioner cites no relevant caselaw or any portion of *Newton*. Although *Newton* involved the facts cited by the Commissioner, nothing in the Fifth Circuit's opinion suggests that consideration of the six factors is required only under limited circumstances. The Circuit specifically stated that "an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Newton*, 209 F.3d at 456. Indeed, the Court cited *Goatcher v. U.S. Dep't. of Health and Human Services*, 52 F.3d 288, 290 (10th Cir. 1995) as precedent for its holding. That case did not involve the scenario the Commissioner now claims limits *Newton* but required consideration of the § 404.1527(d) factors even when non-treating physicians examined the claimant.

The Court therefore **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED** on this issue.

*Issue Two*

Plaintiff further alleges that the ALJ erred in not considering two pieces of evidence. Non-examining physician Dr. Margaret Meyer completed a Mental Residual Functional Capacity Assessment that stated Plaintiff had "moderate" limitations in four areas. Tr. at 263-65. An April 5,

6

2001, Medical Vocational Decision Guide completed by the SSA stated Plaintiff was not able to perform "relevant work as described by claimant." The work listed on the form shows that it refers to those jobs Plaintiff previously held. Tr. at 179. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work. Tr. at 18.

The precise nature of Plaintiff's objection is unclear. She does not complain that the ALJ's RFC is itself erroneous. Instead, she merely alleges the ALJ failed to consider the totality of the evidence and that remand is therefore warranted. In relation to Dr. Meyer's Mental RFC Assessment, this claim is without merit. Plaintiff's own treating psychiatrist concluded on September 13, 2000, that her depression had improved to such a degree that she could return to work. Tr. at 184. Dr. Grace Jameson encouraged Plaintiff "to go back with the thought that maybe she can really stay at work, since she is pretty well over the depression and her back is getting better." Id. Plaintiff produced no evidence suggesting that her condition deteriorated after Dr. Jameson concluded she could return to work. In addition, clinical psychologist Dr. Robert Harper testified at the hearing that Plaintiff's mental impairments did not impose significant limitations on her ability to work. Tr. at 58. Moreover, medical expert Dr. John Huang testified that Plaintiff could perform work at the sedentary level. Tr. at 49ff.

Although the failure to state reasons for disregarding the conclusions of Plaintiff's treating physicians merits remand, the mere failure to address the two pieces of information Plaintiff cites here does not. As stated above, Plaintiff does not specifically dispute the RFC assessment itself; she merely claims *per se* reversal is required because the ALJ did not specifically cite the two assessments under consideration.

The Court therefore **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **DENIED** on this issue.

*Issue Three*

Plaintiff next argues that the ALJ erred by failing to incorporate the "moderate" limitations assessed by Dr. Meyer, as discussed above, in the question posed to the vocational expert. Such a question must reasonably incorporate all disabilities the ALJ recognizes. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). As stated above, however, the ALJ's analysis of Plaintiff's mental disability is supported by substantial evidence, and she has shown no error in the question posed to the vocational expert. The Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **DENIED** on this point.

*Issue Four*

Finally, Petitioner argues that the ALJ failed to re-contact Drs. Merritt and Wheeler after rejecting their medical opinions. In light of the Court's ruling that the ALJ failed to properly consider these opinions, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **DENIED** as **MOOT** on this issue.

## Conclusion

The Court RECOMMENDS that the Plaintiff's Motion for Summary Judgment (Instrument No. 11) be GRANTED IN PART and that Defendant's Motion for Summary Judgment (Instrument No. 12) be DENIED IN PART. The Court further RECOMMENDS that the ALJ's decision be REVERSED and REMANDED to the Social Security Administration for further consideration consistent with this opinion.

The Clerk shall send copies of this Report and Recommendation to the parties by the means in place for transmission of same. The parties shall have until May 13, 2005, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), physically on file in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston,


<u>Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____28th_____ day of April, 2005.

_____
John R. Froeschner
United States Magistrate Judge